United States District Court
Southern District of Texas

**ENTERED**

June 18, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| NAJEEBULLAH EMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:25-CV-127 |
| | § | |
| EL VALLE DETENTION FACILITY, | § | |
| | § | |
| Defendant. | § | |

## ORDER

The Court has reviewed Plaintiff Najeebullah Eman's Letter Complaint (Doc. 1), in which he alleges that he is a native of Afghanistan who entered the United States in December 2024. He further alleges that Immigration and Customs Enforcement plans to deport him to his home country, where he fears that the Taliban will murder him for his support of the United States. Beyond these allegations, he provides little relevant information, although the Court can infer that he remains in removal proceedings and that his request for asylum proved unsuccessful. He asks that the Court issue an Order to "avoid [his] deportation". (Compl., Doc. 1)

A federal district court has the obligation to ensure that it possesses subject matter jurisdiction over a matter assigned to it. *See Hines v. Stamos*, 111 F.4th 551, 564 (5th Cir. 2024) ("It is axiomatic that a federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit".) (cleaned up).

As a general matter, federal district courts lack jurisdiction over removal proceedings and requests for asylum. Assuming that an order of deportation or removal exists as to Eman, this Court could not review it. *See* U.S.C. § 1252(a)(5) (emphasis added) ("[A] petition for review filed with an appropriate court of appeals in accordance with this section shall be *the sole and exclusive means* for judicial review of an order of removal[.]"). Section 1252 "operate[s] to strip district courts of jurisdiction over any action directly or indirectly attacking a final order of deportation,

1 / 2

exclusion, or removal." *Duarte v. Mayorkas*, 27 F.4th 1044, 1052 (5th Cir. 2022).  As a result, to the extent that Eman seeks the review of an order of removal or deportation, the relevant statutes require that he present the request to the United States Court of Appeals for the Fifth Circuit.

Accordingly, it is:

**ORDERED** that Plaintiff Najeebullah Eman shall file a Statement by no later than July 7, 2025, explaining why he believes that the Court has subject matter jurisdiction to consider his claims.

Eman's failure to comply with this Order shall result in the dismissal of his Complaint for lack of subject matter jurisdiction.

Signed on June 18, 2025.

Fernando Rodriguez, Jr.
United States District Judge